PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GRANBERRY, SR., | ) | |
| | ) | CASE NO. 4:25-CV-00421 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DANIEL HAUETER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

Plaintiff Jerry Granberry, Sr., filed this action, *pro se,* against Defendants East Palestine Police Department and Officers Daniel Haueter, Darius Elkin, and Christopher Weingart, claiming they committed police misconduct, tampered with evidence, and falsified reports. ECF No. 1. Plaintiff asserts claims under 18 U.S.C. §§ 242, 1512 and 1519, and 42 U.S.C. § 1983. He does not indicate the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. Plaintiff's Application is granted.

## I. Background

Plaintiff's Complaint is very brief. His Statement of Claim, in its entirety, reads:

> My rights where violated by altering falsify and tampered with evidence 18 U.S.C. § 1519, 1983 18 U.S.C. § 1512 this made it hard for me to defend myself in Court so they deprived me of my rights Title 18 U.S.C. § 242.

(4:25CV421)

ECF No. 1 at PageID #: 5. He also writes:

> [H]e violated my right by removing evidence knowingly 18 U.S.C. § 1519 also violated 1983 my civil rights officer Haueter is also on the brady list known abuse of authority criminal behavior illegal search misconduct inventory procedures misuse of department records.

ECF No. 1 at PageID #: 5. Finally, Plaintiff states, "The officers removed evidence purposely to get a conviction also falsifying reports to match there actions 2921.11 also my 4th Amendment was violated." ECF No. 1 at PageID #: 5-6.

The docket of the Columbiana County, Ohio Court of Common Pleas shows that Plaintiff was convicted after a bench trial on charges of compelling prostitution, attempted unlawful sexual conduct with a minor, engaging in prostitution, and possessing criminal tools. *See State v. Granberry,* Case No. 24 CO 0008, 2025 WL 290201 (Ohio App. Jan. 15, 2025). His conviction was upheld on appeal. *Id.* He was ordered to self-report to the Columbiana County Jail no later than February 10, 2025 to begin to serve his sentence. Plaintiff filed a Motion to Continue Commencement of Sentence on February 7, 2025, and then filed an appeal of the order requiring him to self-report. There is no indication on that docket that the court has made a decision on Plaintiff's Motion. Plaintiff filed the instant action on March 4, 2025. ECF No. 1.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

2

(4:25CV421)

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

Fed. Civ. P. Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the

3

(4:25CV421)

Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Legal conclusions unsupported by factual allegations do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint provides an insufficient factual basis for his claims and is primarily legal conclusions; it does not meet the minimum pleading requirements of Rule 8.

Furthermore, Plaintiff's legal claims are not cognizable. He asserts a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. With the limited information available to the Court, it appears Plaintiff is attempting to attack his conviction through this civil action, although he does not indicate the relief he is seeking. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harms caused by unlawful actions which would render a conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff's conviction was upheld on appeal. His claims for damages would not be cognizable in a civil rights action. To the extent he is seeking release from confinement, his sole remedy is petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot obtain release by a civil rights action.

Plaintiff's remaining claims asserted under 18 U.S.C. §§ 242, 1512 and 1519 also fail to state a cognizable claim. These are federal criminal statutes. They do not provide a private

4

(4:25CV421)

cause of action in a civil case. See *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *4 (S.D. Ohio Mar. 16, 2017) (listing similar cases).

## V. Conclusion

For the reasons above, Plaintiff's Complaint (ECF No. 1) is dismissed, pursuant to 28 U.S.C. § 1915(e). Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|     April 30, 2025 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |